IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35494-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL LAMAR ODOM, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Michael Lamar Odom appeals the sentence from his guilty plea convictions of two counts of first degree identity theft. He alleges the superior court improperly ordered the two counts to run consecutively rather than concurrently, and asks that we to remand for resentencing to correct his judgment and sentence. Construing the two counts as running concurrently, we affirm.

## DISCUSSION

In January 2016, Mr. Odom pleaded guilty to two counts of first degree identity theft in Benton County Superior Court. After pleading guilty, Mr. Odom was released from custody on bond pending the sentencing hearing. He was subsequently taken into custody in Spokane County on charges of second degree theft and forgery.

At the sentencing hearing on the Benton County convictions, the superior court imposed a special drug offender sentencing alternative (DOSA) sentence of 36.75

months' confinement and 36.75 months' community custody on each count.  During the sentencing hearing, the court indicated the two DOSA sentences would run concurrent to each other, but exercised its discretion pursuant to RCW 9.94A.589(3) to order the DOSA sentences to run consecutive to Ms. Odom's Spokane County sentence.

The judgment and sentence does not expressly state whether the two DOSA sentences run consecutively or concurrently.  Under Section 4.4 of the judgment, the sentencing court crossed out the following boilerplate language:  "All counts shall be served concurrently, except for the portion of those counts for which there is an enhancement as set forth above in Section 2.3, and except for the following counts which shall be served consecutively:_____."  Clerk's Papers (CP) at 203.  The sentencing court did not fill in the blank ordering any counts to run consecutively.

Mr. Odom timely appealed from the judgment and sentence on July 27, 2017, asserting the sentencing court erred by ordering the two identity theft counts to run consecutive to each other.  He contends that by crossing out the boilerplate language identified above, the court ordered the two counts to run consecutively, and the court failed to meet the requirements to impose consecutive sentences for current offenses.

The general rule in Washington is that sentences for multiple current offenses will run concurrently.  RCW 9.94A.589(1).  A sentencing court may order current offenses to

2

run consecutively pursuant to the exceptional sentence provisions of RCW 9.94A.535, which authorizes a sentencing court to impose an exceptional sentence if "there are substantial and compelling reasons justifying an exceptional sentence." To impose a consecutive sentence for current offenses, the court must enter written findings of fact and conclusions of law setting forth the basis for the sentence. RCW 9.94A.535.

There is no evidence in the record that the sentencing court ordered the two DOSA sentences to run consecutively. At the hearing, the court indicated it was running these counts concurrently. The court did not enter any findings and conclusions supporting a consecutive sentence, or otherwise indicate it was ordering Mr. Odom to serve the counts consecutively. The court did strike the section of boilerplate language providing space to impose a consecutive sentence, and in doing so also struck the phrase "All counts shall be served concurrently" from the judgment and sentence. CP at 203. However, the mere striking of this language is not enough to overcome the presumption under RCW 9.94A.589(1) that the sentences run concurrently.

Mr. Odom has failed to demonstrate the sentencing court ordered the counts to run consecutively, and accordingly has failed to demonstrate the sentencing court erred. Moreover, he has not demonstrated any need to remand for clarification or amendment of the judgment and sentence. In the absence of any express language imposing a

No. 35494-6-III
*State v. Odom*

consecutive sentence, there can be no confusion under RCW 9.94A.589(1) that the terms of confinement and community custody for each count of first degree identify theft are to be served concurrently.

## APPELLATE COSTS

Mr. Odom requests that we decline to impose appellate costs. As the State has indicated it will not seek costs, no action is necessary on Mr. Odom's request.

## CONCLUSION

The superior court properly ordered Mr. Odom's sentences for two current identity theft counts to be served concurrently pursuant to RCW 9.94A.589(1).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Korsmo, J.

4